Good morning, your honors. May it please the court, I'm Robert Olson, appearing on behalf of the appellant Catherine Chandler. I have the advantage of coming late to this case, so I believe I am able to have a little bit of fresh perspective to it. As I see it, there are two issues. One I call the ERISA tracing issue, and the other is the direct IRA survivor rights issue. I think the second issue is a more direct, cleaner, and dispositive way to handle this case, so I want to focus my comments on what the IRA rights are. And the question there is, does a current surviving spouse have automatic survivor rights in an IRA? And the answer to that question, the answer Congress has provided to that question, is yes, unless properly waived under what section 417. This is the exact parallel rule that ERISA provides for ERISA plans. How do we know that's the rule under ERISA plans? That's 1055, and we know that's the rule under ERISA plans, because that's what the U.S. Supreme Court has said in Boggs. And what that means is if a spouse brings an IRA to a marriage, the new spouse has automatic successor survivor benefit rights in that IRA unless waived. Under which section now? It's actually under 401A11, and I'd like to work through that. Yes, because it seems as though there's a regulation that would indicate that's not so. I don't think that regulation says anything like that, and I think there are regulations that say otherwise. If I could take a minute to work through, because I do think it takes, you know, unfortunately, this is the IRS code. It's not an easy read, and it takes a moment to work through. And the way it works through, and first of all, there's no dispute that these are IRA funds. They're intended to be governed by the IRA, by the IRS code. The Schwab documents say that. If we start there, you probably want to get into this. But if we start there, the funds that created this IRA fund in Schwab were funds that were taken by the creator, Mr. Wilson. Yes, and he deposited those funds in. They weren't deposited by an employer directly. That's correct, but they were employee funds, and the regulation of an IRA under the Internal Revenue Code works no matter what the source of the funds, whether employer or employee. Well, on rolls. Yeah, but this is a rollover. But any funds in an IRA are originally earnings. They're either employer-contributed or employee-earned funds. You can't go take your dividends from a stock and have no wages and put dividends into an IRA. Are you saying that the ERISA rules didn't apply because they originally? That's a second argument. I'm saying even without ERISA. You're looking solely at the code. I'm looking solely at the Internal Revenue Code. And if I may, because I want to get to that regulation, but I'd like to go step-by-step through the code. I just wanted to make sure I understood where you were going. Right. Where I'm going, and where I'm going starts with Section 408 of the Internal Revenue Code. 408 is the section that governs IRAs, and it's what's in the Schwab documents. They say, we're going to be governed by 408. And that's the excerpt at 72 and at 79. I think it's paragraph 10.3 of the Schwab documents. So 408 is the starting point. And the relevant part of 408 is 408A6, which says, subject to Secretary's regulations, and we'll get there in a moment, any IRA is governed by 401A9 and the incidental death benefits of 401A in general. 401A9 is all about how you have to take distributions. It has to start at 70 and a half. You have to do it over your minimum distributions over your expected lifetime. So the part that's relevant is incidental death benefits. And it's clear, although that term is not defined anywhere, it's clear that the incidental death benefit is 401A11. By the way, it was added at the same time that this incidental death benefit phrase, 1986, was added to 401A6. So A11 is the incidental death benefit. And A11 uses the exact same language as under ERISA 1055. So what? They call these things qualified pre-retirement survivor annuity. Only a tax lawyer could come up with that phrase. It's clear that Congress has put in IRAs the exact parallel survivor rights that apply to something that's an ERISA plan. And that's A11. And A11 does have an exception, D, which is the marriage exception. You have to be married for one year, but it's important to look at D. This is 401, paren, small a, close paren, paren, 11, close paren, paren, capital D. The marriage, when you look at that one-year marriage, you have to see what is the one year measured from. The one year is measured from the date of death, or what they call the annuity start date, which is when you would either first start taking funds out of the IRA or would have to, that outside date of 70 and a half. So it's not that you're married when the funds were contributed, when the IRA was created. It's that you're married within one year of death. And the only way you can weigh that are the provisions in Section 417. So let's get to the Secretary's regulations, that prefatory language. And initially, A6 read only subject to, initially, 408A6 read only subject to 401A9. And the incidental death benefits came in in 1986. It's not clear that the subject to Secretary's regulations applies to both 401A9 and incidental death benefits. It could apply to the first, or it could apply to both. I think that's an ambiguity. The fact of the matter is the Secretary has issued no regulations directly addressing the incidental death benefits under 408A6. And I think that is very telling. The Secretary, and this is in 20 years, the Secretary doesn't believe that there's, that that subject, that he needs to issue regulations on that. The question-and-answer part of the regulation, it says that under answer 3A to Section A, Section 401A11 applies to any defined benefit plan and to any defined contribution plan that is subject to the minimum funding standards of Section 412. Now, is this particular Schwab account a defined benefit plan or defined contribution plan? Well, it says more, the regulation and the statute say more than that. It is a defined contribution plan. The statute, and it's 401A11B, says plans to which this paragraph apply, any defined benefit plan, any defined contribution plan, which is this type of plan, which is subject to the funding of standards of Section 412. And, that is, it also applies to any participant under any other defined benefit plan unless, and the exceptions are essentially unless the plan provides for a lump sum payment to the surviving spouse. Is this Schwab plan a defined benefit plan? It's not a defined benefit plan. It's a defined contribution plan. And why is it a defined contribution plan? Because a defined contribution plan is any plan which is based on the contributions coming into the plan. From where? From either the employee or the employer. And if, I believe the regulations, if you look at 26 CFR 1.401-20, and I'm not sure this has been cited before, but it goes over a lot of these issues. There are a number of relevant questions and answers there. What, question three is, what plans are subject to the survivor annuity requirements? And it says. Well, that, are you looking at A-3? I'm looking at A-20. A-20. Which is a separate set of regulations. Unfortunately, these are Treasury regulations. There's not an easy road map through them. That may be my understatement for the day. But it applies to any defined contribution plan. When 401A11 applies to any defined benefit plan and to any defined contribution plan that is subject to the minimum funding standards of 412, isn't a 412 an employer contribution plan? 412 is, but you missed the and in the statute. Those are 401A11B. 401A11B. This is 26 U.S.C. Section 401A11, capital B, Roman numeral small i, Roman numeral double small i, and Roman numeral triple i. Okay, then just tell me what it is. It says any participant under any other defined contribution plan. So it's not limited to defined contribution plans subject to 412 funding. It's any participant under any defined contribution plan. Or in your Q3 of regulation A-20, it's, as you continue the answer to question 3, it's the part that says this section also applies to any participant under any other defined contribution plan. Right, and one of the conditions is it has to be a lump sum distribution to the surviving spouse. So the surviving spouse either gets an annuity, and annuity is kind of a misnomer in this. It just means any more than one distribution from the IRA. I have limited time left. I would like to get to the regulations real quick, because the regulation that is cited in the appellee's brief, they don't quote the five words before the part that they quote, which is supposedly a definition of beneficiaries, and what it says is a beneficiary includes, quote, includes except where context indicates otherwise. This is not a beneficiary is, this is a beneficiary includes. It's exemplars and except where context indicates otherwise. That is 1408-2B8. If you look at 2B7, you see that they use the phrase beneficiary as beneficiary or beneficiary of surviving spouse. Surviving spouse has the preeminent rights, and that is shown in CFR 1401A94. This is what we had in our, we quoted in our 28J letter, which says, do you need to designate a beneficiary? No, your beneficiary is automatically there, subject to the definition of beneficiary. And I would also like to ask the Court to look at 2B411401A11, which are the rights in the automatic survivor benefit rights, and 417, which are the waiver rights. I would also like to ask the Court to look at Treasury Regs 1.401A-20, particularly questions 8, 10, 28, and 29. They all say if you die early, benefits must be paid to the surviving spouse. The IRS understands that the surviving spouse, unless waived, has preeminent rights. That's what the regulations say. It's also, we cite 1.417E-1B1 again, and it says the general rule is if you die early, benefits must be paid to the surviving spouse. This scheme is completely parallel to the one that the U.S. Supreme Court looked at under ERISA in Boggs. It is what I call a pretermitted heir with teeth regime. You come in with an IRA, your spouse has survivor rights, come into a marriage with an IRA, your spouse has survivor rights in those IRA funds, as long as you stay married for a year, and the spouse does not waive as required under 417. Only one question, I don't want to eat into your time because you're over, but you've cited no case authority. All we're dealing with here is your interpretation of statute. There is no case – I've looked long and hard on this. There is no case authority either way on this, and I would ask the Court to publish. I think it's an important issue. People should know what the default rule is about ownership rights in IRAs. I think this ought to be published. Same with the ERISA issue, other than a few bankruptcy cases. That's correct, and those bankruptcy cases I think are irrelevant. They're talking about anti-alienation statutes. None of them talk about the survivor benefits case. And the same is true of that New Jersey case, which if you look at that dash 20 regulation, question 27, it's actually completely wrong under the Treasury regs. You can't waive this with a prenuptial. Thank you, Your Honors. Good morning. My name is Brent Welker, and I am appearing today on behalf of the beneficiaries, Appalese Cheryl DeBiccaro, Christopher Wilson, Rebecca Wilson, and Roberta Wilson. The key fact in this case, a fact upon which Judge Martone of the District Court relied, is that Wayne Wilson was single when he elected in 1994 to take a lump sum distribution of his Siemens 401k plan and roll that distribution into the Smith-Barney IRA. When Wilson rolled over the Smith-Barney funds into the Charles Schwab IRA in 2002, all funds in that Smith-Barney account had been earned or acquired by Wilson before his marriage to Chandler. There is no claim in the case that the funds were traceable to Wilson's earnings after his marriage to Chandler. So accordingly, the real issue before this Court is a narrow one, and I think it can be fairly framed this way. When a single individual takes a distribution of a qualified plan, of qualified plan funds, and rolls them into an IRA under which he names beneficiaries, does a subsequent marriage remove the beneficiaries as a matter of law and replace them with a new spouse? And I think Judge Martone got the correct answer, and the answer is no. In her briefs, Chandler attempts to frame the issue more broadly, by generally asking whether a spouse can defeat surviving spouse protections of ERISA by rolling pension funds into an IRA and naming someone other than the spouse as a beneficiary, and the issue is framed precisely that way at page one of the reply brief. That is a very broad question that this Court need not reach. Wilson was not a spouse when he rolled his Siemens funds into the Smith-Barney IRA. He had no legal obligation to seek the consent of Chandler or anyone else at the time. I follow your argument, but I guess maybe I'm misunderstanding it, because we're not talking about survivor rights under state inheritance procedures, we're talking about specificity of the ERISA code, survival spouse rights, and under the IRC. So I'm probably right in all this about inheritance and all that stuff, but what does that have to do with the rights that are granted specifically by Federal law and these very intricate retirement statute provisions? ERISA, as Judge Martone found, accepts out IRAs from the surviving spouse protections. And what's the authority? We have no authority on that. We have some bankruptcy law on that, but we don't have any direct authority on that, unless I've missed something. Judge Martone relied on 29 U.S.C. 1051-6 for that provision, and then he also looked at the regulations exempting IRAs from ERISA, and he cited 29 CFR section 2510.3-2, paren, little d, close paren, paren 1, close paren. And in discussing it, that provision says that they're accepted from the protections unless the contributions are made by the employer, and that's where kind of the tracing issue has come up. I think that's the hardest one. The ERISA thing is a difficult question, but I think the code provision is very difficult to analyze. Counsel tried to go through all the sections. I don't know if that's the right path, but it's a very difficult problem. It's a real labyrinth. But one of the things that he did I think this morning that I would like to utilize and point the court's attention to, and this had not been cited by either side before today, and that's 26 CFR section 1.401A20. Do that again, Sloan. It's 26 CFR section 1.401, paren, lowercase a, close paren, dash 20, and there are a series of questions and answers that are set forth in this section. Question 3 says what plans are subject to the survivor annuity requirements of section 401A11, which was the point of counsel's discussion. And then A3 talks about it applying to any defined benefit plan, defined contribution plan subject to the minimum funding standards of section 412. What I would do next is direct you to it goes on, but let me pose the question I was looking at before. Is there any way is this IRA a defined contribution plan? No, it's not. It's clear it's not a defined contribution plan subject to the minimum funding standards of section 412. Is it or can it be characterized in some fashion as another defined contribution plan? I don't believe so, Your Honor. Well, that's good that you don't believe so, but that's my problem. Why don't you believe so? What's your authority for that concept? Well, I don't think there's any authority that would bring it in. I don't think it meets the requirements of those plans. But I think there's something even more pointed in these same regs, and I would suggest that you look at D. Let me make sure I get the right sequence of numbers and letters here. It's A3A12D. Now, that's not the question and answer. That's the statute? No, this is actually a part of the answer. Okay, and which question is it? It's question three. Question three and answer three. D reads, the requirements set forth in section 401A11 apply to other employee benefit plans that are covered by applicable provisions under Title I of the Employee Retirement Income Security Act of 1974. And then it goes for purposes of applying the regulations, et cetera. What I'd like to do is jump down to the bottom of D where it says, individual retirement plans, IRAs, including IRAs to which contributions are made under simplified employee pensions described in section 408K, and IRAs that are treated as plans subject to Title I are not subject to these requirements. And, of course, these requirements is the survivor annuity requirements that were posed in the original question of question three. Now, explain why that provision is important in the facts of this case. Because what it means, the survivor annuity requirements or the surviving spouse protections are removed from IRAs. I know that, but it talks about to which contributions are made under simplified employee pension scrams plan pensions described in section 408K. How does that fit the facts of your case? Well, I think it's the first statement, the first phrase that says individual retirement plans. I mean, what it's saying is that all individual retirement plans are accepted from the survivor spouse annuity requirements. Okay. And what is an individual retirement plan? So that would include, so that almost negates 411, let's see, 411A10. A11. A11. That negates it. I think the provisions of ERISA and the Internal Revenue Code have to be read consistently. And the position of Chandler in this case actually means that the Internal Revenue Code swallows ERISA. It means there are absolutely no exceptions. And as Judge Martone found, and we've already discussed in the argument, the provisions upon which he relied, the surviving spouse protections are excluded for IRAs unless there is an employer contribution. I was going to say, it doesn't swallow it in the sense that if you read that D provision correctly, I guess you would, in your sense, you would say if you have an IRA and it's your IRA, and the funds have not been contributed directly or managed by an employer, then it's not covered by 411A. And that's our position that that's precisely the case here. Okay. And I know earlier in my argument I was talking about how these funds arose and were traced in the disbursement issues, and that's why that fact is important. Does that throw us back into the morass of the rollover? In other words, let's assume we start with that proposition. These funds started with Siemens as an employee contributed by employer. He takes out a lump sum, puts it into Smith Barney, which are now his money in the Barney, but they came from the employer, rolled over then into Schwab. So you're saying there's no such thing as traceability here, you don't look at the source of the funds, you look at the fact that he had a lump sum distribution, that became his money? Absolutely, Your Honor. And that's why I think the bankruptcy cases are helpful and our supplemental authority are helpful. Surviving spouse protections are just part of a bundle of protections under ERISA, the anti-alienation protections. Whether they're the protection from predator's claims or other type protections, those are all to ensure that the retirement funds are in place for the employee or for a spouse. And when those funds were dispersed from the Siemens account, he had the right to do anything he wanted with those funds at that point in time. He could have taken a lifelong dream vacation around the world, he could have invested in real estate, he could have played the lottery, could have invested more in the stock market, or as some of us are tempted to do today, he may want to sew them into his mattress. But the reality was he had the freedom to do that. And Chandler now is arguing that because he elected to put them into a qualified IRA, she now can attach those funds. Well, I like your premise, I love your premise. The problem is that after 22 years on the bench and I look at the bankruptcy code and ERISA, I realize there's no right or wrong, it's just what it is. And so if Congress wants to say you can't do that, they say you can't do that. I think opposing counsel is saying wait a minute, Congress said sure, take your money, but you can't change it. So somewhere along the line without direct authority, it looks like we're going to be one in this case, someone is going to have to say what that all means. In spite of the fact that your premise might be well taken, Congress has stepped in somewhere here. I have not been convinced by opposing counsel's arguments that following that labyrinth of regulation and code leads to the result that he seeks. I don't think there's any authority there that clearly answers questions. You seem to be saying that the IRA is a defined contribution plan as referred to in A11. Is there any authority for that? I'm sorry, Your Honor, would you restate that? Mr. Walker, it seems to be relying on the fact that the IRA is a defined contribution plan as referred to in 411, in A11. Is there any authority for that? Mr. Olson is taking that position. Is that your question? I'm not aware of any authority. The contrary authority. I'm sorry, I got the wrong person. I just wanted to make sure I understood your question, Your Honor. I don't believe that there is any authority that would include those. So we're going to be writing on a clean slate about these definitions because whether it's a defined or contributory plan, it's in the language of the statute of the regs and we've got to deal with that. Yes, Your Honor. And I want something defined about this plan, is there? I mean, there are IRAs that are set up as an employer retirement plan where they're going to pay in a certain amount each month. That's a defined contribution plan. In this case, it's an individually managed account. He rolled funds over. He is free to contribute additional funds subject to the tax law of whatever the number is now, $2,500 a year or something. But that's not a defined contribution plan. No, it's not. And so your position is that all of these provisions under the Internal Revenue Code, which seem to tie back to ERISA, are intended to cover those IRAs that happen to be the employer's way of providing retirement benefits. And there are some of those. And so ERISA itself doesn't apply directly to IRAs, but that category of ERISA gets – that category of IRA gets pulled back in. And your argument is that this isn't one of those kind of plans, so the IRA isn't covered by this provision. Is that correct? That's correct, Your Honor. Thank you for framing it. Well, I'm sure I understood it because it's been elaborate. And that's the issue that I'll briefly ask Mr. Welker to respond to. But is that the core of your position with regard to the Internal Revenue Code? That is the core of our position, Your Honor, precisely. And I guess just in closing, Judge Martone in facing this complicated issue, I think, got it exactly right. In focusing on the timing that that disbursement took place, this is an issue that must arise countless times every year, when individuals at the end of one career take a disbursement, roll it over to an IRA, and then later enter a second marriage. This cannot be uncommon. Mr. Wilson married Catherine Chandler at age 60. Wilson was 60. He had accumulated those earnings throughout his life, and for reasons known to him made the decision that those funds would go to his children, as opposed to his second wife. Oh, half of the funds. Half the funds. That's right. Half the funds, Your Honor. But the funds at issue in this case go to his children instead of Catherine Chandler. And that is an important issue. But the emphasis by Chandler has been on the policy underlying surviving spouse benefits and the reliance on support post-retirement or post-death of a spouse. But there are contravailing policy considerations. There may be children with special needs. There may be elderly parents. I don't know that we can go there. ERISA, for example, if he had left the money back with his employer, ERISA says what it says with regard to surviving spouse benefits. And the fact that you waited until the last few years of your life to get married to this person really doesn't change anything as long as you don't have the one-year problem. That's right. I just was addressing the policy issues about why it's so important that the surviving spouse protections are in place. I think the fact that under an IRA rollover they're accepted out, I think there are also policy considerations to be taken into consideration on that, too. So we would ask that the district court decision be affirmed. Thank you. You've actually used your time, but under the circumstances we'd appreciate your, if I may, your brief rebuttal, like 30 seconds from a future life. Counsel said ERISA and IRA law should be treated consistently. I think so, too, and I think that Congress has attempted to do so. If you answer this question, though, what makes the IRA a defined benefit plan? I think that there are only two types of plans. A defined benefit plan, which is a to be. Maybe neither of those. No, an IRA. IRA over IRA. It's a defined contribution plan. There is a contribution that can be. Is it a plan? It is a plan. Subject to definition. Yes, under IRC section 4. I'm talking about the contribution. I've got an IRA. No. I only include some years. I don't pay it to other years. What's defined? Defined is that money came in. See, that suggests that the term has no meaning. But that's. That would say any IRA. You wouldn't say defined contribution IRA. You'd say any IRA. No, it wouldn't be any IRA because there are defined benefit plans, which is. Is there any provision in the code of regulation that says a rollover IRA is a defined contribution plan? I don't think there's anything that says one way or the other. And I've got to tell you, I'm going to leave here. I looked hard and I'm going to look again, and if I find something else, you'll have a 28-J letter. I do want to point out that the idea of treating these areas consistently, I think Congress wants to treat them consistently. Congress is never consistent. I mean, that's why we have a job. They're arguing that there's one narrow loophole, that there are RISA plans that are covered survivor. There are lots of IRAs with survivor, but there's one narrow loophole. And I don't think that's consistent. Certainly his argument is an argument for what I call a community property approach. When did you earn the money? But that's not what Congress has adopted. Congress has what I call the pre-terminated heir approach, which is what you come in with to the marriage is the assumed to go to your spouse unless they waive it or you divorce them in a year. We thank you. We thank both counsel for your argument and your efforts to clarify this complicated area. We're not done with the RISA today, so I think we can agree that RISA is a full employment act for judges, if nothing else. Unfortunately, we don't get paid for degree of difficulty. The case just argued is submitted. We'll move to the next case on calendar ST.
judges: Brunetti, Clifton, Archer